**BIG SANDY RURAL ELECTRIC COOP-
ERATIVE CORPORATION
et al., Appellants,**

v.

**D. J. GAMBILL, Appellee.**

Court of Appeals of Kentucky.

Nov. 8, 1974.

Rehearing Denied April 25, 1975.

James A. Knight, Paintsville, Albert A. Burchett, Martin, for appellants.

J. K. Wells, Wells, Porter & Schmitt, Paintsville, for appellee.

JONES, Justice.

This is an appeal from a judgment for $20,769.52 for breach of a contract of employment.

The Big Sandy Rural Electric Cooperative Corporation is an electric utility. It is organized under the Rural Electric Cooperative Corporation Act. The corporation is governed by a board of directors elected from the membership for a term of three years. The corporation is also organized under the laws of the Commonwealth and is "not for pecuniary profit pursuant to the Federal Rural Electric Cooperative Act."

On December 16, 1967, the board of directors of Big Sandy and D. J. Gambill entered into a contract of employment. Gambill was employed as manager of Big Sandy for a term of four years. He was to be paid a salary of $902.00 per month and receive fringe benefits of vacation and sick leave. The contract provided that Gambill would "diligently perform his duties as manager."

On September 6, 1969, Gambill was discharged by the board of directors. On September 11, 1969, he brought an action against Big Sandy and its board of directors to recover the balance of his salary less the amount he was able to earn between the date of his discharge and the time the contract expired. Gambill alleged that he was discharged for political reasons. He contends that his contract was terminated because he had supported two candidates who lost their bid as directors in the annual election held in July 1969. Big Sandy, in its answer, alleged that Gambill ceased to function as its manager in a faithful and diligent manner. It contended also that Gambill was discharged because of his incompetency, inefficiency, disloyalty and unwillingness to perform his duties in a diligent manner.

The case was tried without a jury. The evidence was submitted to the trial court by depositions. The trial court found from Voluminous evidence that Gambill was dis-

charged for political reasons. The judgment allowed him damages representing the salary he would have received between the time of his discharge and his obtaining employment, plus certain fringe benefits. On appeal Big Sandy contends that: (1) Gambill failed to perform his duties diligently, (2) the contract was invalid as being executed in contravention of the bylaws of the cooperative, and (3) the trial court erred in overruling Big Sandy's motion that the trial judge vacate the bench.

The contract committed Gambill to diligently perform his duties as manager. This provision is deemed to have been violated and the discharge legally justified if Gambill failed to obey the terms of the contract. "If termination of a contract of employment . . . is justifiable, there is . . . no legal liability of the employer for breach of contract." Davies v. Mansback, Ky., 338 S.W.2d 210 (1960).

The record is replete with evidence of acts and conduct which manifest negligence, inefficiency and unfaithfulness on the part of Gambill. These acts were contrary to a faithful and diligent performance of the services for which he was employed. He failed to analyze the insurance program of the cooperative. His failure to recommend adequate public liability insurance caused Big Sandy to pay $35,000.00 out of operating revenues, over and above its liability coverage.

When one of the regular members of the board resigned two months before the annual meeting, Gambill tried to replace him with a friend. This was done without consultation with any of the members of the board. When the board refused to see Gambill's friend, or to appoint him to the board, Gambill openly began to show his unfaithfulness to the board and to the cooperative.

Gambill participated in the 1969 board of director's election. This was done in violation of a clear directive of the board. He sponsored a political broadcast for candidates that he supported in opposition to the board who hired him.

Two former employees were given extra hours of vacation pay for services not related to their employment. Gambill also appointed a director to East Kentucky Cooperative without the consent or knowledge of the board. He created unrest and tension among the other employees in giving them inconsistent orders.

At the annual meeting of the cooperative's membership in July 1969, Gambill refused to participate. He left the matters concerning the agenda to a new and unskilled vice-president. At that meeting, he told two of the board members that he was no longer "co-op minded." He had ceased to function "diligently" and faithfully as manager of the cooperative.

The trial court found that Gambill's "employment was terminated because of his opposition to the winning slate of candidates in a Board of Directors' election, and not because of the manner in which he performed his duties as manager." This finding of fact is unsupported by substantial evidence and is clearly erroneous.

In view of this holding, it is unnecessary to comment on Big Sandy's other claimed errors.

The judgment is reversed with directions that the trial court enter judgment on behalf of Big Sandy Rural Electric Cooperative Corporation.

All concur.